# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES GANDEE,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0920**  (BOR Appeal No. 2051168)
           (Claim No. 2014034776)

**TOYOTA MOTOR MANUFACTURING WV, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Gandee, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Toyota Motor Manufacturing WV, Inc., by James Heslep, its attorney, filed a timely response.

The issue presented in the instant appeal is Mr. Gandee's receipt of a 2% permanent partial disability award. The claims administrator granted Mr. Gandee a 2% permanent partial disability award on March 31, 2015. The Office of Judges affirmed the claims administrator's decision in its Order dated February 26, 2016. This appeal arises from the Board of Review's Final Order dated August 31, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gandee injured his right shoulder on May 2, 2014, while manufacturing a motor vehicle engine for Toyota Motor Manufacturing WV, Inc.[1] He underwent three independent

---

[1] Although the Order holding the claim for workers' compensation benefits compensable is not contained in the record, it appears that the claim has been held compensable for a right shoulder sprain and bursitis.

1

medical evaluations for the purpose of determining the amount of permanent impairment arising from the May 2, 2014, injury. On November 20, 2014, Marsha Lee Bailey, M.D., performed an independent medical evaluation. After examining Mr. Gandee, she recommended that he undergo additional diagnostic testing and stated that she would not provide an impairment rating until the testing was complete. On March 18, 2015, Dr. Bailey authored an addendum to her initial report. She opined that Mr. Gandee sustained 4% whole person impairment as a result of range of motion abnormalities in the right shoulder. Dr. Bailey then apportioned 2% of the overall whole person impairment to pre-existing degenerative changes present in the acromioclavicular joint and pre-existing degenerative cystic findings surrounding the humeral head, as indicated via a right shoulder MRI performed on August 5, 2014. The claims administrator granted Mr. Gandee a 2% permanent partial disability award pursuant to Dr. Bailey's opinion on March 31, 2015.

On June 10, 2015, Bruce Guberman, M.D., performed an independent medical evaluation. He opined that Mr. Gandee sustained 7% whole person impairment as a result of range of motion abnormalities in the right shoulder, all of which is attributable to the May 2, 2014, injury. Dr. Guberman then stated that Mr. Gandee's range of motion abnormalities exhibited in the right shoulder have worsened following Dr. Bailey's independent medical evaluation. Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 12, 2016. He opined that Mr. Gandee sustained 2% whole person impairment as a result of the May 2, 2014, injury after apportioning for pre-existing degenerative changes, as demonstrated by comparing range of motion measurements for the injured right shoulder and uninjured left shoulder.

In its Order affirming the March 31, 2015, claims administrator's decision, the Office of Judges held that Mr. Gandee sustained 2% whole person impairment as a result of the May 2, 2014, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated August 31, 2016. On appeal, Mr. Gandee asserts, per the opinion of Dr. Guberman, that he is entitled to an additional 5% permanent partial disability award.

The Office of Judges noted that although Dr. Guberman's evaluation occurred in the interval between those of Dr. Bailey and Dr. Mukkamala, Dr. Guberman found that Mr. Gandee exhibited a significant reduction in range of motion in the right shoulder in comparison with the evaluations of Dr. Bailey and Dr. Mukkamala. The Office of Judges then found that both Dr. Bailey and Dr. Mukkamala apportioned for the presence of pre-existing degenerative changes in the right shoulder, whereas Dr. Guberman failed to apportion for pre-existing degenerative changes. The Office of Judges further found that the opinion of Dr. Guberman is less reliable than the opinions of Dr. Bailey and Dr. Mukkamala, and determined that the conclusions of Dr. Bailey and Dr. Mukkamala that Mr. Gandee sustained 2% whole person impairment as a result of the May 2, 2014, injury are consistent with Mr. Gandee's history of pre-existing degenerative changes. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker